HUTCHINSON, APPELLANT, *v.* KLINE ET AL., APPELLEES.

(Decided December 31, 1938.)

*Messrs. Blair & Blair* and *Mr. Wayne L. Elkins,* for appellant.

*Mr. Edgar G. Millar* and *Mr. Sherrard M. Johnson,* for appellee, The New York Casualty Company.

BLOSSER, J. The plaintiff, Thelma Hutchinson, brought an action against O. J. Kline, Harry Hubbard, H. H. Schick and George B. Eyssen as principals and The New York Casualty Company as their surety, asserting in substance that the principals hold positions of public trust, to wit, liquor inspectors under the Department of Liquor Control of Ohio, by appointment thereto by that department, and had by such department been duly delegated with the power of investigation and inquiry possessed by the department and the powers of police officers with respect to the enforcement of the penal laws of the state relating to beer and intoxicating liquor; that they duly qualified by giving bond in the sum of one thousand dollars each, as required by the Director of Liquor Control of the state, with the defendant, The New York Casualty Company as surety, conditioned faithfully to perform

the duties of their positions of public trust; that the Department of Liquor Control paid the premium to The New York Casualty Company for the bond, a certified copy of which bond is attached to the amended petition and made a part thereof. The plaintiff asserts that the principal defendants without a search warrant, without probable cause and without proper investigation, forcibly entered her private, *bona fide* residence about April 4, 1936, at the noon hour, while the plaintiff was quietly in her residence, her husband being absent, without disclosing to the plaintiff their identity and without claiming to act under any search warrant or exhibiting a warrant to her or informing her that they had a search warrant; that while acting and attempting to act under and by virtue of their appointment and delegated authority they wrongfully, maliciously, purposely, wantonly, unreasonably and unlawfully, without permission or authority therefor, entered such residence and informed the plaintiff "We are the law and must do our duty. We are here to search for liquor," and made a general exploratory search and investigation of the plaintiff's home and residence; that the defendants found no liquor or evidence of a violation of the liquor laws of Ohio; that they made such unlawful search without first viewing or making any investigation of the nature or use of the residence occupied by the plaintiff or the person or persons residing there, and without probable cause and without having knowledge of any facts upon which to believe or any cause to believe that any beer, alcohol or intoxicating liquors were possessed, stored, concealed, sold, furnished, given away or transported in violation of the liquor laws of Ohio; that at the time of making such search she was in a nervous and delicate condition, both physically and mentally, by reason of being pregnant, which physical condition was apparent to a casual observer; that the acts of the de-

fendants did greatly shock and affect the plaintiff's mental and nervous condition to such an extent that she immediately became sick, resulting in severe bleeding and confining her to bed for twenty-three weeks under the care of a physician, during which time she suffered great mental and physical pain and humiliation and disgrace; that in the unlawful search of her *bona fide,* private residence without probable cause her legal and constitutional rights were violated, for which she prayed for judgment against the defendants.

The New York Casualty Company filed a demurrer to the amended petition on the ground that it did not state a cause of action against such company.

The bond of the casualty company provided:

"The New York Casualty Company, as surety, binds itself to pay to the state of Ohio, as employer, such pecuniary loss as the latter shall have sustained of money or other personal property (including that for which the employer is responsible), by any acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misapplication on the part of any of the employees named in the schedule attached to and hereby made a part of this bond, directly or through connivance with others or through the failure of any of said employees to faithfully and impartially discharge their duties while in any position in the Department of Liquor Control of the state of Ohio, or at any location in the employ of the employer, the suretyship for any employee not to exceed the amount specified in said schedule for such employee, and to begin with the date set opposite the name of the employee and to end, (a) with the date of discovery by the employer either of loss thereunder or of dishonesty on the part of the employee, or (b) with the date of the retirement of the employee from the service of the employer, or (c) with the date of the termination of

the suretyship by the surety or the employer in the manner hereinafter set forth in clause 7."

The court sustained the demurrer on the ground that under the terms of the bond the surety company was not liable for the acts of the principals stated in the amended petition. Final judgment was entered for the surety company and the plaintiff gave notice of appeal to this court on questions of law.

The sole question for determination is whether the surety company is liable under its bond for the acts stated in the amended petition.

Section 6064-6, General Code, provides:

"* * * the Director of Liquor Control shall give bond to the state of Ohio in the amount of one hundred thousand dollars conditioned according to law * * *. The director may require any employee of the department to give like bond in such amount as the board may prescribe, with surety to the satisfaction of the board, which shall be filed and kept in the office of the department. The premium, if any, on any bond required or authorized by this section may be paid from the moneys received for the use of the department under authority of this act or from appropriations made by the General Assembly."

This section of the code must be construed in connection with Section 6, General Code, which provides that any person occupying a position of trust under the laws or Constitution of Ohio shall give a bond for the faithful performance of his duties. The Director of Liquor Control was required to give this kind of bond and the principal defendants, as inspectors, were required to give like bonds if requested by the director. If the principal defendants gave like bonds they should have contained a provision for the faithful performance of their duties as required by Section 6, General Code. If the bond was required to be given by the director the same must be regarded as an official

bond and the instant bond must be so regarded because the premium therefor was paid out of the state funds as alleged in the petition. There is no authority of law to pay for bonds other than official bonds provided for by law. If it was a mere fidelity bond and not a *like* bond there is no authority to pay the premium out of state funds. We are forced to the conclusion that the bond in this case under the allegations of the petition is an official bond. *Lawrence* v. *American Surety Co.*, 263 Mich., 586, 249 N. W., 3. Therefore, the statute becomes a part of the bond. 5 Ohio Jurisprudence, 653, Section 23.

The defendant also asserts that as the bond provides that the casualty company binds itself only to the state of Ohio the plaintiff can not maintain this action. That position, however, is not tenable by reason of Section 11242, General Code, which provides in substance that when the surety becomes liable under a bond, any person who is entitled to the benefit of the security may bring an action in his own name against the person and his sureties to recover the amount to which he is entitled by reason of the delinquency.

The judgment of the trial court is reversed.

*Judgment reversed.*

McCurdy, P. J., and Gillen, J., concur.